UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
Russell Taylor,

      Plaintiff,

  -against-

CITY OF NEW YORK and NEW YORK CITY POLICE
Detective Raymond Wittick,

      Defendants.
------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 23 2009 ★
BROOKLYN OFFICE

COMPLAINT
09cv 4098
GLEESON, J.
MANN, M.J.

  Plaintiff, Russell Taylor, by his attorney, DUANE C. FELTON, complaining of the Defendants, respectfully shows and alleges as follows:

  FIRST:  This action is brought pursuant to 42 U.S.C. § 1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1334. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

  SECOND:  That at all times mentioned herein, the Plaintiff, Russell Taylor, was and still is a resident of the County of Richmond, City and State of New York.

  THIRD:  That at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

  FOURTH:  That at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, was and still is a municipal

corporation doing business in the State of New York.

FIFTH:             Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE Detective Raymond Wittick, (hereafter described as "DETECTIVE RAYMOND WITTICK", was and still is a New York City police officer employed by the Defendant, CITY OF NEW YORK.

SIXTH:             That upon information and belief and at all times hereinafter mentioned, the individual Defendant was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

SEVENTH:           That the Plaintiff sues the Individual Defendant in his individual and official capacities.

EIGHTH:            That 42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress.

NINTH: That on or about September 10, 2008, the Plaintiff was lawfully present, residing and occupying one room at 195 Benziger Avenue, Staten Island, New York, located in the County of Richmond, City and State of New York.

TENTH: That on or about September 10, 2008, as the plaintiff was leaving the residence he was met at the door by defendant, Detective RAYMOND WITTICK who was accompanied by an individual who represented himself to be the parole officer for one Richard Jackson who was also renting a room at the aforesaid residence.

ELEVENTH: The plaintiff was, physically seized at the doorway, searched, detained, imprisoned, handcuffed, frisked and arrested by, DETECTIVE RAYMOND WITTICK. The two officers then went in to the apartment and into the room rented by Richard Jackson. Mr. Jackson was not in the room.

TWELFTH: That no illegal item(s) or contraband were found on the Plaintiff's body, person or in the room rented by the plaintiff.

THIRTEENTH: That on or about September 10, 2008, the individual Defendant, DETECTIVE RAYMOND WITTICK, caused the Plaintiff to be charged with the criminal possession of controlled substances alledgely found in Richard Jacksons room.

3

FOURTEENTH: That subsequently, all criminal charges against the Plaintiff were dismissed in Richmond Criminal Court.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

FIFTEENTH: That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

SIXTEENTH: That upon information and belief, the Defendant's illegal and unlawful search, arrest, detainment, and imprisonment of the Plaintiff's body/person, was illegal, unreasonable, reckless, without a warrant nor probable cause, and was a violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

SEVENTEENTH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

EIGHTEENTH: That the acts of the individual defendant as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling

4

Plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

**NINETEENTH**: That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTIETH**: That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-FIRST**: That the individual Defendant, acting in his or her individual capacities and under color of law, having conspired with others, reached a mutual understanding and intentionally acted to undertake a course of conduct that violated Plaintiff's civil rights, in violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**TWENTY-SECOND**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

**TWENTY-THIRD**: That the acts of the Individual Defendant as described herein were intentional, wanton, malicious,

oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendant in his/her individual capacities.

**TWENTY-FOURTH**: That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-FIFTH**: That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-SIXTH**: That the aforesaid actions of the individual Defendant constitute intentional infliction of emotional distress on the Plaintiff under the laws of the City, State of New York.

**TWENTY-SEVENTH**: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-EIGHTH**: That the Plaintiff repeats and realleges the

6

allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

TWENTY-NINTH: That the individual Defendant was negligent, careless, reckless, and/or grossly negligent in the performance of his or her police duties in, searching, arresting, and imprisoning the Plaintiff.

THIRTIETH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

THIRTY-FIRST: That the Defendant is liable to the Plaintiff under the laws of the City and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

THIRTY-SECOND: That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

THIRTY-THIRD: That as the employer of the individual Defendant at the times of his or her negligent conduct as set forth herein, the Defendant, CITY OF NEW YORK, is liable to the Plaintiff under the laws of the State of New York.

THIRTY-FOURTH: That as a proximate result of the aforesaid

7

acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE CITY OF NEW YORK

THIRTY-FIFTH: That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

THIRTY-SIXTH: That the Defendant, CITY OF NEW YORK, was negligent in the hiring, supervision, training, and instruction of the individual Defendant.

THIRTY-SEVENTH: That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the Defendant, CITY OF NEW YORK, toward the proper training and supervision of its police officers/employees, the Plaintiff has been deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections § 1983 and § 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

THIRTY-EIGHTH: That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

THIRTY-NINTH A jury trial of all issues is demanded.

WHEREFORE, Plaintiff requests judgment against Defendants, DETECTIVE RAYMOND WITTICK, and Defendant, CITY OF NEW YORK, as follows:

1. As against the individual Defendant, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First, Second, Third, and Fourth causes of action,

2. As against the individual Defendant, punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action, and

3. As against Defendant, CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action asserted against it, and

4. Reasonable attorney's fees, pursuant to 42 U.S.C.A § 1988,

5. the costs of this action,

6. and such other and further relief as may be just and proper.

Dated:  June 22, 2009
        Staten Island, NY

DUANE C. FELTON
*Attorney for Plaintiff*
805 Castleton Avenue
Staten Island, NY 10310

9